**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02437-WJM-BNB

DAVID TEUFEL,

    Plaintiff,

v.

SHARPSHOOTER SPECTRUM VENTURE LLC,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff David Teufel ("Plaintiff" or "Teufel") brings a claim against his former employer, Defendant Sharpshooter Spectrum Venture LLC ("Defendant" or "Sharpshooter"), alleging a violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"). Before the Court is Defendant's Motion for Summary Judgment ("Motion"). (ECF No. 31.) For the reasons set forth below, the Motion is granted.

**I. LEGAL STANDARD**

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one

party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. FACTUAL BACKGROUND

Defendant Sharpshooter Venture LLC employs photographers at ski areas and other vacation spots throughout Colorado and the rest of the United States. (Plant Dep. (ECF No. 31-1) at 13.) The nature of Defendant's business means that the size of its workforce fluctuates significantly. (Plant Aff. (ECF No. 31-2) ¶¶ 4, 25.) During ski season at Colorado's resorts, Defendant's workforce is significantly larger than the rest of the year. (*Id.*)

Plaintiff David Teufel was employed by Defendant as a PC analyst in Defendant's corporate headquarters in Wheat Ridge, Colorado. (Pl.'s Dep. (ECF No. 39) at 28-29, 32.) At all times relevant hereto, Dan McDonald was Defendant's Chief Technical Officer and Defendant's director of human resources was Roxanne Plant. (Plant Dep. at 8; Pl.'s Dep. at 29.)

In December 2009, after hearing about some of Plaintiff's health problems, McDonald approached Plant about whether Plaintiff would qualify for leave under the FMLA. (Pl.'s Dep. at 44-46.) At that time, Plaintiff was having problems with muscle spasms and cramping in his side. (Pl.'s Dep. at 45-46.) He was also talking to his doctor about the possibility of having gastric bypass surgery but Plaintiff understood that he would have to wait at least a year before any surgery could be scheduled. (*Id*. at 57; Plant Dep. at 23.) Plant provided Plaintiff with a memorandum and the forms he needed to complete to apply for FMLA leave. (Pl.'s Dep. at 45-46, 135-138; Plant Dep. at 22; ECF No. 40-3.) Both Plaintiff and Plant signed the memorandum. (ECF No. 40-3.) Plaintiff did not have the forms attached thereto completed by his physician and did not return those forms to Defendant. (Pl.'s Dep. at 138.)

In mid-May 2010, Plaintiff again requested and was provided FMLA leave forms. (Pl.'s Dep. at 46; Plant Dep. at 22-23.) At this time, Plaintiff had recently been diagnosed with diabetes and edema. (Compl. (ECF No. 1-1) ¶ 5.) Plaintiff had his physician, Dr. Muench, complete the forms and returned them to Defendant on June 20, 2010. (Pl.'s Dep. At 47-48; ECF No. 31-14.) The form is largely illegible but appears to state that Plaintiff will need intermittent leave of 1-2 days per episode. (ECF No. 31-14.)

During June, July, and August 2010, Plaintiff had a number of appointments with his various doctors and his dietician. (Pl.'s Dep. at 73, 75, 81-82; ECF No. 31-17.) He also repeatedly missed work or arrived late due to illness. (*Id*. at 75, 82, 89-90, 97-99, 104-06; ECF No. 31-17.) On August 10, 2010, Plant decided to dismiss Plaintiff from his employment with Defendant. (Plant Dep. at 54.) Plaintiff's employment was

terminated on August 11, 2010.  (Pl.'s Dep. at 113.)

### III.  ANALYSIS

Based on these facts, Plaintiff brings a claim of interference with his right to take FMLA leave.  (Compl. ¶¶ 9-11.)  The FMLA grants "an eligible employee . . . a total of 12 workweeks of leave during any 12-month period" if the employee is unable to perform the functions of his or her position due to a serious health condition. 29 U.S.C. § 2612(a)(1)(D).  The FMLA makes it unlawful for any covered employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter."  29 U.S.C. § 2615(a)(1).  "To make out a prima facie claim for FMLA interference, a plaintiff must establish (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights."  *Jones v. Denver Public Schs.*, 427 F.3d 1315, 1319 (10th Cir. 2005).

Defendant moves for summary judgment arguing that: (1) Plaintiff was not an "eligible employee" as that term is defined in the FMLA and was therefore not entitled to take FMLA leave; and (2) Plaintiff was terminated for reasons unrelated to his FMLA leave.  Because, as set forth below, the Court finds a lack of factual dispute as to whether Plaintiff was an eligible employee, summary judgment is appropriate and the Court need not address the second argument.

The FMLA therefore requires "covered employers" to provide "eligible employees" with up to twelve weeks of unpaid, job-protected medical leave per year, among other things, to care for a parent of the employee with a serious health condition.  *See* 29 U.S.C. § 2612(a)(1)(C).  An "eligible employee" is an employee that

meets the following standards: (1) has been employed for at least 12 months with the employer from whom he is requesting leave; (2) worked at least 1,250 hours in the prior 12-month period for such employer; and (3) the employer has at least 50 employees within 75 miles of the employee's worksite. *Id*. § 2611(2) & (3).

In this case, whether Plaintiff is an "eligible employee" depends on the applicability of the third prong—whether Defendant employed at least 50 people within 75 miles of Plaintiff's worksite. Federal regulations provide that "[w]hether 50 employees are employed within 75 miles to ascertain an employee's eligibility for FMLA benefits is determined when the employee gives notice of the need for leave." 29 C.F.R. § 825.110(e). When an employee suffers from multiple serious medical conditions, such as Plaintiff did in this case, he must give notice of the need to take FMLA leave for each condition. *See* 29 C.F.R. § 825.300(b)(1) ("Employee eligibility is determined (and notice must be provided) at the commencement of the first instance of leave for **each** FMLA–qualifying reason in the applicable 12–month period." (Emphasis added)); 29 C.F.R. § 825.301(b) (employee must explain the specific reason for needing FMLA leave).

In this case, Plaintiff claims that he was wrongfully terminated after he invoked his right to FMLA leave in June, July, and August 2010. (Compl. ¶¶ 4-7.) The illness that caused most of Plaintiff's absences over this time period was diabetes and side effects related thereto, such as the inability to control his blood sugars and dizziness when his medication was changed. (ECF No. 31-17; Pl.'s Dep. at 82, 89-90, 97-98, 105-06.) Thus, Plaintiff was an "eligible employee" and entitled to take FMLA leave if Defendant employed more than 50 employees within 75 miles of Plaintiff's worksite

when Plaintiff gave notice of his need to take FMLA leave for his diabetes and its related side effects.

Plaintiff contends that he gave notice of his need for FMLA leave in December 2009 and that this notice covered the leave he took in the summer of 2010. However, the record shows that Plaintiff's December 2009 contact with human resources was not notice of Plaintiff's need to take FMLA leave for diabetes. Rather, at that time, the only medical conditions that Plaintiff discussed with his employer were pulled muscles in his side and/or the possibility of undergoing gastric bypass surgery. (Pl.'s Dep. at 45-46; Plant Dep. at 23.) Nothing in the record suggests that Plaintiff mentioned the need for FMLA leave related to diabetes in December 2009. Indeed, Plaintiff's Complaint alleges that he was only diagnosed with diabetes in mid-June 2010. (Compl. ¶ 5.)

Because Plaintiff's contact with human resources in December 2009 was not related to his diabetes, it did not constitute notice of his need to take FMLA leave for diabetes. *See* 29 C.F.R. § 825.300(b)(1). Therefore, the number of employees within 75 miles of Plaintiff's worksite in December 2009 is not relevant to whether Plaintiff was an "eligible employee" for purposes of his diabetes-related FMLA leave in the summer of 2010.

Plaintiff again contacted human resources about taking FMLA leave in mid-May 2010. (Pl.'s Dep. at 46.) Plaintiff had recently been diagnosed with diabetes and edema and was undergoing treatment for these conditions. (Compl. ¶ 5; Pl.'s Dep. at 46.) Because this contact constituted notice of his need to take FMLA leave for diabetes, June 2010 is the relevant time period for determining whether Plaintiff was an eligible employee for purposes of his diabetes-related FMLA leave. *See* 29 C.F.R. §

825.300(b)(1). Defendant maintains that it employed less than 50 employees within 75 miles of Plaintiff's worksite in June 2010. (Plant Aff. ¶ 25.) Plaintiff has not come forward with any evidence controverting this factual assertion. Thus, Plaintiff was not an "eligible employee" in June 2010, at the time he sought FMLA leave for his diabetes.

To prevail on his claim that Defendant wrongfully interfered with his right to take FMLA leave, Plaintiff must show that he was eligible for such leave. *Jones*, 427 F.3d at 1319. Because Plaintiff has failed to show a genuine dispute of material fact about an essential element to his claim, summary judgment is appropriate. *Celotex*, 477 U.S. at 323 (court should grant summary judgment when non-moving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 31) is GRANTED. The Court shall enter judgment in favor of Defendant. Because the record shows that Plaintiff is unemployed and likely indigent, the Court ORDERS that each party shall pay its own costs. *See Cantrell v. Int'l Brotherhood of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995) (district court may deny costs if the issues "are close and difficult" or if the non-prevailing party is indigent).

Dated this 19th day of January, 2011.

BY THE COURT:

William J. Martínez
United States District Judge